1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

12

MINDROC FLOREA,

     Plaintiff,                                                Case No. 2:07-CV-01679-KJD (RJJ)

v.                                                                         **ORDER**

UNITED STATES, U.S. ATTORNEY
GENERAL, U.S. SECRETARY OF
STATE, SOCIAL SECURITY
ADMINISTRATION, INTERNAL
REVENUE SERVICE, STATE OF
NEVADA
ALL PERSONS

     Defendants.

20       Presently before the Court is Defendants', United States, U.S. Attorney General, U.S.

21  Secretary of State, Social Security Administration, and Internal Revenue Service (hereinafter referred

22  to as "federal Defendants"), Motion to Dismiss (#23) and Memorandum in Support (#24) filed March

23  7, 2008.  Plaintiff filed a "Rejection of 'Motion to Dismiss' and 'Memorandum in Support'" (#27) on

24  March 19, 2008.  Federal Defendants filed a Reply (#30) on April 2, 2008.  Plaintiff also filed a

25  Motion for Entry of Clerk's Default (#38) on June 5, 2008.

26

1

## I. Background

Plaintiff, Mindroc Florea, has petitioned this Court to compel all federal Defendants to submit any claims to this Court that each may have against Plaintiff and to accordingly, have this Court invalidate these claims. (Pl.'s Compl. 2.) Moreover, Plaintiff requests this Court to declare Plaintiff tax-exempt (Pl.'s Compl. 2.) and subsequently, to refund all Social Security "credits" to Plaintiff (Main Document Amendment 6). In his pleadings, Plaintiff alleges the purpose of this action is to complete the renunciation of his U.S. citizenship and to "exit from public, private, commercial, Federal and/or Democracy jurisdictions of the United States, [and] from all other states or government corporations." (Main Document Amendment 5.) Specifically, the premise of his argument rests on the contention that he is a "natural man." (Pl.'s Compl. 4.) Plaintiff asserts that "the natural man does not subject himself to any jurisdictions, laws, law of the flag or any symbol of the United States, nor to the jurisdiction this Court or any other Court."[1] (Main Document Amendment 3–4.)

Federal Defendants argue that Plaintiff's petition and amendments thereof fail to state a claim for which relief can be granted and further, that Plaintiff has failed to establish a waiver of sovereign immunity. (Defs.' Mot. Dismiss 3.) In the alternative, federal Defendants contend that the matter before this Court lacks subject matter jurisdiction. (Defs.' Mot. Dismiss 3.) Federal Defendants allege the Declaratory Judgment Act, the Anti-Injunction Act, and the Mandamus Act each preclude Plaintiff's demands for relief. (Defs.' Mem. Supp. Mot. Dismiss 3–5.)

## II. Failure to State a Claim

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." Williams ex. rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 937 (9th Cir. 2008).

---

[1]The Court is aware that Plaintiff asserts in his "Complaint" that he is not subject to the jurisdiction of this Court, and yet has chosen to file this action with this Court and ask this Court for relief.

1  The issue is not whether Plaintiff will ultimately prevail, but whether he has properly stated a claim.

2  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3       After considering the pleadings, Plaintiff fails to meet his burden in this case.  He has pled no

4  facts nor legal theory under which this Court can possibly find that Plaintiff may continue to enjoy the

5  privileges of residing in the United States, and yet, not be subject to its laws.  Plaintiff's argument that

6  he is a natural man and thus, exempt from the laws of the United States is frivolous.  See United

7  States v. Gerads, 999 F.2d 1255 (8th Cir. 1993); United States v. Sloan, 939 F.2d 499 (7th Cir.

8  1991).

9  **III. Subject Matter Jurisdiction**

10      Federal courts are courts of limited jurisdiction.  Stock West, Inc. v. Confederated Tribes of

11 the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  Unless otherwise shown, a federal

12 court is presumed to lack jurisdiction.  Id.  Moreover, Fed. R. Civ. P. 8(a)(1) requires a pleading to

13 contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court

14 already has jurisdiction."  The burden of establishing jurisdiction rests upon the party seeking the

15 court's jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

16      Plaintiff has failed to assert in his "Complaint" the grounds for which this Court's subject

17 matter jurisdiction exists.  As a result, Plaintiff has not met the basic pleading requirements as

18 required under Fed. R. Civ. P. 8(a)(1).  Thus, the Court adopts the presumption that this action lacks

19 subject matter jurisdiction.

20      **A. Sovereign Immunity**

21      Moreover, even if Plaintiff had appropriately asserted the alleged grounds for jurisdiction,

22 sovereign immunity requires Plaintiff to establish his authority to sue the sovereign.   The United

23 States is a sovereign and therefore, is immune from suits absent an express waiver of immunity or its

24 consent to be sued.  U.S. v. Sherwood, 312 U.S. 584, 586 (1941).  Accordingly, it is Congress alone

25 who has the power to confer jurisdiction on the sovereign.  Danning v. U.S., 259 F.2d 305, 309 (9th

26

3

1   Cir. 1958).  "The terms of [the sovereign's] consent to be sued in any court define that court's

2   jurisdiction to entertain the suit."  Id.  Without this consent to sue, the action must be dismissed.

3   Hutchinson v. U.S., 677 F.2d 1322, 1327 (9th Cir. 1982).  A statutory waiver cannot be implied, and

4   the burden rests with the taxpayer to show an explicit waiver of immunity exists.  Lonsdale v. U.S.,

5   919 F.2d 1440, 1444 (10th Cir. 1990); Gilbert v. Dagrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

6        Here, Plaintiff has instituted an action against the United States, without its consent and

7   without a waiver of immunity.  Plaintiff has failed to set forth any statutes entitling him to sue the

8   sovereign nor has he purported any basis for this Court having jurisdiction over this matter.  In fact,

9   Plaintiff asks this Court to transverse the authority of Congress and entertain his meritless request to

10  be declared tax-exempt.  Therefore, the Court finds that it lacks subject matter jurisdiction over

11  Plaintiff's claims under the doctrine of sovereign immunity.

12        **B. Declaratory Judgment Act**

13        Federal Defendants further argue that Plaintiff's action is precluded by the Declaratory

14  Judgment Act.  The Declaratory Judgment Act permits the courts of the United States to declare

15  rights and legal relations of individuals "in a case of actual controversy within its jurisdiction, except

16  with respect to Federal taxes."  28 U.S.C. § 2201(a) (2006).  Notwithstanding several exceptions

17  inapplicable to this action, the Act expressly prohibits declaratory relief in actions concerning federal

18  taxes.  Sorenson v. Secretary of Treasury of U.S., 752 F.2d 1433, 1437 (9th Cir. 1985).  Specifically,

19  the statute grants this procedural authority to federal courts in actions arising under federal

20  jurisdiction.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).   The Declaratory

21  Judgment Act does not provide an independent basis for subject matter jurisdiction, but merely

22  expands the remedies available in federal courts.  Id.

23        Here, the Court agrees with the government and finds that this Court cannot entertain

24  Plaintiff's action under the Declaratory Judgment Act.  Although Plaintiff implores this Court to

25  declare him tax-exempt and to invalidate all claims against him by federal Defendants, Plaintiff's

26

4

1  request for relief contradicts the plain language of the statute which prohibits declaratory relief "with

2  respect to federal taxes."  Additionally, because the Act does not provide this Court with an

3  independent basis for subject matter jurisdiction, this court does not possess authority to issue

4  declaratory relief in a matter concerning federal taxes sitting outside of its jurisdiction.

5  **C. Anti-Injunction Act**

6        Federal Defendants further contend that to the extent that this action is to be construed as a

7  attempt to prevent the government from collecting taxes, the Anti-Injunction Act bars Plaintiff's

8  claim.  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or

9  collection of any tax shall be maintained in any court by any person" subject to exceptions not

10  applicable to this action.  26 U.S.C. § 7421(a) (2006).  The Anti-Injunction Act may be avoided if the

11  (1) tax payer would suffer irreparable injury, and (2) the taxpayer is certain to succeed on the merits.

12  Bob Jones University v. Simon, 416 U.S. 725, 737 (1974).  If an action does not fall within any of the

13  exceptions listed in the statute, the Court must dismiss the action for lack of subject matter

14  jurisdiction.  Elias v. Connett, 908 F.2d 521, 523 (9th Cir. 1990).

15        Again, the Court agrees with the government and finds that this Court lacks subject matter

16  jurisdiction under the Anti-Injunction Act.  Plaintiff's request of this Court to declare Plaintiff tax-

17  exempt and to invalidate all government claims against him is an unequivocal request to restrain the

18  government's assessment and collection of Plaintiff's taxes.  This stands in immediate contravention

19  of the Anti-Injunction Act.  Plaintiff will not suffer irreparable injury by submitting to the United

20  States tax system, nor will Plaintiff succeed on the merits of his desire to opt-out of the system.  The

21  payment of taxes is not voluntary.  Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988).

22  "All individuals, natural or unnatural, must pay federal income tax on their wages," regardless of

23  whether they exercised any privilege from the federal government.  Lovell v. U.S., 755 F.2d 517, 519

24  (7th Cir. 1984); U.S. v. Sloan, 939 F.2d 499, 501 (7th Cir. 1991).

25

26

**D.  Mandamus Relief**

Federal Defendants also contend that to the extent that Plaintiff's action can be construed as a request for mandamus relief, jurisdiction is lacking.  The Mandamus Act confers jurisdiction to federal district courts to compel a government official to perform a duty owed to a plaintiff.  28 U.S.C. § 1361 (2006).  Mandamus relief is appropriate when (1) the individual claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1084 (9th Cir. 2003).

This Court lacks jurisdiction to grant mandamus relief because Plaintiff has failed to allege that a nondiscretionary duty is owed to him, nor does the Court find any nondiscretionary duties are owed to Plaintiff.

**IV.  Conclusion**

The Court finds that Plaintiff has failed to state a claim against any federal Defendant for which relief can be granted.  Additionally, the Court finds that Plaintiff has failed to establish a basis for this Court having subject matter jurisdiction over his claims.

Accordingly, **IT IS HEREBY ORDERED** that federal Defendants' Motion to Dismiss (#23) is **GRANTED**, and Plaintiff's Motion for Entry of Clerk's Default (#38) is **DENIED** as moot.

DATED this 26th day of June 2008.


_____
Kent J. Dawson
United States District Judge

6